**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ. (6375)
Email: dem@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
*Attorneys for UNITE HERE HEALTH*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| ERIC PALACIOS & ASSOCIATES, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>FIDELIA ORTIZ-DEMORAN, an individual; UNIVERSITY MEDICAL CENTER dba UMC HOSPITAL; UNITE HERE HEALTH, an unknown entity; LAS VEGAS FIRE & RESCUE; DESERT RADIOLOGY SOLUTIONS, LLC; AGATE/VENGER PARTNERSHIP, LLP dba WESSTERN REGIONAL CENTER FOR BRAIN AND SPINE SURGERY; DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**UNITE HERE HEALTH'S NOTICE OF REMOVAL** |

To:   The Honorable Judges of the United States District Court for the District of Nevada

Defendant UNITE HERE HEALTH ("UHH"), also known as the Culinary Health Fund, acting by and through its attorneys, Christensen James & Martin, does hereby give notice of its desire to exercise its rights under the provisions of Title 28 U.S.C. §§ 1331, et seq., and does hereby remove this action from the Eighth Judicial District Court in and for Clark County, Nevada, in which said action is now pending under Case No. A712933, to the United States District Court for the District of Nevada, and for grounds in support hereof, while reserving the right to challenge the sufficiency of service of process and to assert all procedural and substantive challenges, states as follows:

1. Case No. A712933 was commenced by the filing of a Complaint in early 2015. An Amended Complaint naming UNITE HERE HEALTH ("UHH") as a Defendant was filed on April 8, 2015.

2. UHH first received a copy of the Summons and Amended Complaint on April 14, 2015. This Petition is timely filed pursuant to the thirty (30) day requirement of 28 U.S.C. § 1446(b).

3. Exhibit "A" attached hereto constitutes a true and correct copy of all state court pleadings presently possessed by UHH. Consistent with applicable rules, UHH will obtain and will promptly file with this Court copies of all pleadings on file with the state court.

4. In connection with the single cause of action stated in the Amended Complaint in Interpleader, Plaintiff has averred that Defendant FIDELIA ORTIZ-DEMORAN ("Participant") received Fifteen Thousand Dollars ($15,000.00) from a tortfeasor or the insurer of a tortfeasor. UHH is one of numerous persons who claim a right to be paid out of the monies that the Plaintiff seeks to interplead. At paragraph 21 of the Amended Complaint in Interpleader, Plaintiff alleges that it is unable to determine which of all the known claims may take priority over any other claims.

5. Based on the information found in the Complaint, information found in a written Repayment Agreement dated June 3, 2014 that was executed by the Participant and by the Plaintiff, and based on UHH's own internal records, UHH has determined that the Participant received accident benefits under UHH's welfare plan. Consistent with the terms of the employee benefit plan administered by UHH, and consistent with the written Repayment Agreement executed on June 3, 2014, UHH paid medical expenses in the total sum of $15,356.29 for the Participant relating to the same injuries for which the Participant was compensated by the tortfeasor or the insurer described above.

6. This Case is removable to the District Courts of the United States pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under which United States District Courts "…have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." Plaintiff's claim against UHH relates to monies owed by Plaintiff or others to UHH. UHH is a Taft-Hartley Employee Benefit Trust Fund whose affairs are governed by the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 et seq.] ("ERISA"). Plaintiff's claim against UHH requires the interpretation of UHH's ERISA Plan Document, which presents a federal question under § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)(B)(ii)] which statute authorizes benefit plans, like the one administered by UHH, "to obtain...appropriate equitable relief...to enforce...the terms of the plan." *See Manufacturers Life Ins. Co. v. East Bay Restaurant and Tavern Retirement*, 57 F.Supp.2d 921 (N.D.Cal.,1999) (ERISA plan regulation is exclusively a federal concern); and see *Parker v. Ross*, 147 F.Supp.2d 1376 (M.D. Ga. 2001) (granting summary judgment to ERISA Plan pursuant to the terms of its Plan Document in a lien adjudication proceeding after removal from state court).

7. Under 29 U.S.C. § 1132(e)(1), the United States District Court is the only court that may properly adjudicate all claims and issues raised by the Complaint in Interpleader as the courts of the State of Nevada lack jurisdiction over the claim asserted by UHH to the interpleader proceeds. Because only this Court has the ability to accord complete relief to all parties, it is proper for this Court to determine all issues presented in this Case, even if the Participant's claim to the interpleader proceeds and UHH's anticipated counterclaims and cross-claims relating to the interpleader proceeds are the only claims that present federal questions. *See* generally 28 U.S.C. § 1441 and F.R.C.P. 19.

Respectfully submitted this 27th day of April, 2015.

CHRISTENSEN JAMES & MARTIN

By: /s/ Daryl E. Martin
Kevin B. Christensen, Esq.
Daryl E. Martin, Esq.

*Attorneys for Defendant*
*UNITE HERE HEALTH*

# CERTIFICATE OF SERVICE

I am over the age of 18, I am employed by and am readily familiar with the practices of Christensen James & Martin ("Firm"). I certify that on the date of filing of the foregoing papers with the Clerk of Court the Firm caused a true and correct file-stamped copy of the NOTICE OF REMOVAL to be served in the following manner:

☐ **ELECTRONIC SERVICE:** Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court, and by direct email generated by my office, sent to _____.

☒ **UNITED STATES MAIL:** By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

> ERIC PALACIOS
> 2100 S. Eastern Ave.
> Las Vegas, NV 89104

☐ **OVERNIGHT COURIER:** By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ **FACSIMILE:** By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN

By:   */s/ Natalie Saville*

# EXHIBIT A

# EXHIBIT A

APR 1 4 2015

SUMM

# DISTRICT COURT
# CLARK COUNTY, NEVADA

ERIC PALACIOS & ASSOCIATES, LTD.          )    CASE NO. A712933
                                          )    DEPT NO.   XX
           Plaintiff,                     )
                                          )
vs.                                       )
                                          )
FIDELIA ORTIZ-DEMORAN, an individual, UNIVERSITY MEDICAL )
CENTER dba UMC HOSPITAL; UNITE HERE HEALTH, an unknown )
entity; LAS VEGAS FIRE & RESCUE; DESERT RADIOLOGY )
SOLUTIONS, LLC; AGATE/VENGER PARTNERSHIP, LLP dba )
WESTERN REGIONAL CENTER FOR BRAIN AND SPINE )
SURGERY; DOES I through X, and ROE CORPORATIONS I through )
X, inclusive,                             )
                                          )
           Defendants.                    )

## SUMMONS - CIVIL

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOU BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**TO DEFENDANT: UNITE HERE HEALTH.** A civil complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

  1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
      a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
      b. Serve a copy of your response upon the attorney whose name and address is shown below.
  2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.
  3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.
  4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleadings to the Complaint.

ISSUED AT REQUEST OF:                      CLERK OF COURT
ERIC PALACIOS & ASSOCIATES

                                           JUDIT ANGYALNE KISS            APR 1 0 2015

ERIC PALACIOS, ESQ.                        Deputy Clerk                   Date
Nevada Bar No. 7120                        200 Lewis Avenue
2100 S. Eastern Avenue                     Las Vegas, Nevada  89155
Las Vegas, Nevada 89104

1

Electronically Filed
04/08/2015 11:58:57 AM

CLERK OF THE COURT

1  **ACOM**
ERIC PALACIOS, ESQ.
2  Nevada Bar No. 7120
ERIC PALACIOS & ASSOCIATES, LTD.
3  2050 S. Eastern Avenue
4  Las Vegas, Nevada 89104
(702) 444-7777
5  Attorney for Plaintiff

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| ERIC PALACIOS & ASSOCIATES, LTD. | CASE NO. A712933 |
| Plaintiff, | DEPT NO. XX |
| vs. | Exempt From Arbitration |
| FIDELIA ORTIZ-DEMORAN, an individual, UNIVERSITY MEDICAL CENTER dba UMC HOSPITAL; UNITE HERE HEALTH, an unknown entity; LAS VEGAS FIRE & RESCUE; DESERT RADIOLOGY SOLUTIONS, LLC; AGATE/VENGER PARTNERSHIP, LLP dba WESTERN REGIONAL CENTER FOR BRAIN AND SPINE SURGERY; DOES I through X, and ROE CORPORATIONS I through X, inclusive, | ADR Rule 3A: Equitable Relief |
| Defendants. | |

## AMENDED COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff, ERIC PALACIOS & ASSOCIATES, LTD., by and through its attorney of record, ERIC PALACIOS, ESQ., of the law firm ERIC PALACIOS & ASSOCIATES, LTD. and for its Complaint in Interpleader against Defendants above-named, and each of them, complains and alleges as follows:

1.  At all times herein relevant, ERIC PALACIOS, ESQ., was and is an attorney at law duly licensed to practice law in the State of Nevada and maintains a law practice in Clark

///

-1-

County, Nevada, doing business as ERIC PALACIOS & ASSOCIATES, LTD, a Nevada Professional Corporation.

2. At all times herein relevant, the Defendant FIDELIA ORTIZ-DEMORAN (hereinafter referred to as "ORTIZ") was and is a resident of Clark County, Nevada.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES I through X and ROE CORPORATIONS I through X, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES I through X and ROE CORPORATIONS I through X are responsible in some manner for the events and happenings herein alleged and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained and to join such Defendants in this action.

4. On or about November 1, 2013, the Defendant ORTIZ contracted for professional legal services and entered into a valid lawyer's contingency fee retainer agreement with the law office of ERIC PALACIOS & ASSOCIATES, LTD (hereinafter referred to as "PALACIOS") whereby ORTIZ agreed to pay PALACIOS a sum amounting to Thirty Three and One-Third Percent (33 1/3%) of any award recovered, in addition to all costs associated with ORTIZ' personal injury claim for bodily injuries and other damages she suffered in the motor vehicle accident that occurred on October 2, 2013 in the City of Las Vegas, Clark County, Nevada.

5. The underlying accident was the fault of the other driver. PALACIOS obtained a settlement with the tortfeasor responsible for the accident, pursuant to which the tortfeasor's insurance company, PRIMERO agreed to pay ORTIZ the total sum of $15,000.00 in full and

complete satisfaction of all claims arising from the accident of October 2, 2013. The sum of $15,000.00 represents the policy limits of the insurance policy insuring the tortfeaser.

6. As a result of personal injuries sustained by ORTIZ in the motor vehicle accident of October 2, 2013, she did seek medical treatment from several health care providers.

7. ORTIZ, the victim of the underlying tort, has an interest in the recovered funds and therefore on that basis alone has been named as a Defendant in the instant action.

8. At all times herein relevant, and upon information and belief, the Defendant above-named, UNIVERSITY MEDICAL CENTER dba UMC HOSPITAL (hereinafter referred to as "UMC") is, and at all relevant times herein was, **a medical facility**, duly organized and existing under the laws of the State of Nevada and duly licensed to do business in the State of Nevada, with its principal place of business in the City of Las Vegas, Clark County, Nevada, and may have provided services to ORTIZ equal to or exceeding $250.00 as a result of the above referenced accident, and therefore may have a claim against the funds interpled herein and on that basis alone is named as a defendant in the instant action.

9. At all times herein relevant, and upon information and belief, the Defendant above-named, LAS VEGAS FIRE & RESCUE (hereinafter referred to as "LVFR") is, and at all relevant times herein was, a **medical service provider**, duly organized and existing under the laws of the State of Nevada and duly licensed to do business in the State of Nevada, with its principal place of business in the City of Las Vegas, Clark County, Nevada, and may have provided services to ORTIZ equal to or exceeding $978.00 as a result of the above referenced accident, and therefore may have a claim against the funds interpled herein and on that basis alone is named as a defendant in the instant action.

10. At all times herein relevant, and upon information and belief, the Defendant above-named, DESERT RADIOLOGY SOLUTIONS, LLC (hereinafter referred to as "DRS")

is, and at all relevant times herein was, a **medical service provider**, duly organized and existing under the laws of the State of Nevada and duly licensed to do business in the State of Nevada, with its principal place of business in the City of Las Vegas, Clark County, Nevada, and may have provided services to ORTIZ equal to or exceeding $804.74 as a result of the above referenced accident, and therefore may have a claim against the funds interpled herein and on that basis alone is named as a defendant in the instant action.

11. At all times herein relevant, and upon information and belief, the Defendant above-named, AGATE/VENGER PARTNERSHIP, LLP dba WESTERN REGIONAL CENTER FOR BRAIN AND SPINE SURGERY (hereinafter referred to as "WESTERN") is, and at all relevant times herein was a **medical service provider**, duly organized and existing under the laws of the State of Nevada and duly licensed to do business in the State of Nevada, with its principal place of business in the City of Las Vegas, Clark County, Nevada, and may have provided services to ORTIZ equal to or exceeding $675.27 as a result of the above referenced accident, and therefore may have a claim against the funds interpled herein and on that basis alone is named as a defendant in the instant action.

12. At all times herein relevant, and upon information and belief, the Defendant above-named, UNITE HERE HEALTH (hereinafter referred to as "UHH") is, and at all relevant times herein was a **health insurance company CULINARY**, duly organized and existing under the laws of the State of Nevada and duly licensed to do business in the State of Nevada, with its principal place of business in the City of Las Vegas, Clark County, Nevada, and may have provided services to ORTIZ equal to or exceeding $15,356.29 as a result of the above referenced accident, and therefore may have a claim against the funds interpled herein and on that basis alone is named as a defendant in the instant action.

13. On or about September 2, 2014, PRIMERO agreed to tender policy limits in the amount of $15,000.00 to ORTIZ and PALACIOS and that no other proceeds, insurance or otherwise was available to recover in the underlying tort action.

14. That at the time of the filing of the original Complaint in this matter, PALACIOS submitted the entirety of the recovered funds ($15,000.00) for deposit with the Clerk of the Court.

15. That in accordance with its retainer agreement PALACIOS is entitled to attorney's fees in the amount of $5,000.00 which is 33% of the "total recovery" and is entitled to costs in the amount of $747.29.

16. That PALACIOS' attorney's lien has been perfected pursuant to NRS §18.015(2) by serving notice in writing, in person or by certified mail, return receipt requested upon ORTIZ, and upon the parties against whom ORTIZ has a cause of action, claiming the lien and stating the interest involved in the cause of action.

17. That PALACIOS seeks to recover its attorney's lien in the amount of $5,000.00 plus $447.20 which represents the costs associated with the filing of this Interpleader action and seeks to be discharged from this Interpleader action.

18. That the balance of ORTIZ' settlement is not sufficient to cover all medical bills in this matter asserted by Defendants. The total medical bill amounts asserted by Defendants against ORTIZ' settlement equals $18,064.30. After deduction of PALACIOS' attorney's fees of $5,000.00 pursuant to Michel v. Eighth Judicial District Court of NV, 17 P.3d 1003 (2001), §18.015 and NRS §18.050 and costs of $747.29, the remaining proceeds of ORTIZ' settlement totals $9,252.71.

19. Upon information and belief, each of the Defendants claim some right, entitlement, interest or benefit of the settlement funds based upon an existing lien or loan agreement.

20. That PALACIOS believes, in law and equity that ORTIZ, as the victim of the underlying tort, should receive a portion of the funds recovered and the Court should grant an order stating same.

21. That by reason of the conflicting claims of the Real Parties in Interest and Defendants, PALACIOS is in great doubt as to which Real Party in Interest is entitled to be paid from the settlement funds.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That none of the Real Parties in Interest and Defendants be entitled to recover from the law office of ERIC PALACIOS & ASSOCIATES, LTD the amount of the settlement or any part thereof;

2. That pursuant to Nevada law, ERIC PALACIOS & ASSOCIATES, LTD's attorney's lien be honored and given priority over any and all liens that Real Parties in Interest and Defendants may have;

3. That each of the Real Parties in Interest and Defendants be restrained from instituting any action against the law office of ERIC PALACIOS & ASSOCIATES, LTD for the recovery of any amounts they claim they are due;

4. That this Honorable Court determine the amounts owed to each of the Real Parties in Interest and Defendants, if any, and that ERIC PALACIOS & ASSOCIATES, LTD be fully discharged from all liability in the premises;

5. That ERIC PALACIOS & ASSOCIATES, LTD receive from the settlement proceeds its attorney's fees, and all costs and expenses it incurred in the investigation and prosecution of the Defendant, ORTIZ' underlying tort claim;

6. That the Court set aside from the settlement proceeds a reasonable amount sufficient to compensate the Defendant, ORTIZ for her pain, suffering and other damages she suffered in the underlying tort;

7. That the law office of ERIC PALACIOS & ASSOCIATES, LTD be awarded reasonable attorney's fees **and costs** incurred in prosecuting this Interpleader action; and

8. For such other and further relief as the Court deems just and equitable in the premises.

DATED this 8th day of April, 2015.

ERIC PALACIOS & ASSOCIATES

ERIC PALACIOS, ESQ.
Nevada Bar No. 7120
2050 S. Eastern Avenue
Las Vegas, Nevada 89104
Attorney for Plaintiff

-7-