1 | **CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.  (175)
2 | Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ. (6375)
3 | Email: dem@cjmlv.com
7440 W. Sahara Avenue
4 | Las Vegas, Nevada 89117
Tel.:  (702) 255-1718
5 | Fax:  (702) 255-0871
*Attorneys for UNITE HERE HEALTH*

6

7 | **UNITED STATES DISTRICT COURT**

8 | **DISTRICT OF NEVADA**

9 | * * * * *

10 | ERIC PALACIOS & ASSOCIATES, LTD.

11 |                    Plaintiff,

12 | vs.

13 | FIDELIA ORTIZ-DEMORAN, an individual;
UNIVERSITY MEDICAL CENTER dba UMC
14 | HOSPITAL; UNITE HERE HEALTH, an unknown
entity; LAS VEGAS FIRE & RESCUE; DESERT
15 | RADIOLOGY SOLUTIONS, LLC; AGATE/VENGER
PARTNERSHIP, LLP dba WESTERN REGIONAL
16 | CENTER FOR BRAIN AND SPINE SURGERY; DOES I
through X, and ROE CORPORATIONS I through X,
17 | inclusive,

18 |                    Defendants.

19

20 | UNITE HERE HEALTH,

21 |                    Counterclaimant,

22 | vs.

23 | ERIC PALACIOS & ASSOCIATES, LTD.

24 |                    Counterdefendant.

Case: 2:15-cv-00778-RFB-CWH

**UNITE HERE HEALTH'S
ANSWER, COUNTERCLAIMS
AND CROSSCLAIMS**

*(left margin, vertical text)* **CHRISTENSEN JAMES & MARTIN**
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1  UNITE HERE HEALTH,

2                    Crossclaimant,

3  vs.

4  FIDELIA ORTIZ-DEMORAN, an individual;
   UNIVERSITY MEDICAL CENTER dba UMC
5  HOSPITAL; LAS VEGAS FIRE & RESCUE; DESERT
   RADIOLOGY SOLUTIONS, LLC; AGATE/VENGER
6  PARTNERSHIP, LLP dba WESTERN REGIONAL
   CENTER FOR BRAIN AND SPINE SURGERY; DOES I
7  through X, and ROE CORPORATIONS I through X,
   inclusive,
8
                    Cross-Defendants.
9

10         COMES NOW Defendant UNITE HERE HEALTH, also known as Culinary Health Fund

11  ("UHH" or "Trust"), acting by and through its attorneys, Christensen James & Martin, and in

12  Answer to Plaintiff's Amended Complaint in Interpleader, which was originally filed on April 8,

13  2015 in Clark County, Nevada District Court Case No. A712933 (Dept. XX), hereby admits,

14  denies and alleges as follows:

15     1.  UHH admits the allegations found in paragraph 1 and 2 of the Complaint.

16     2.  Answering paragraph 12, UHH admits that it is properly doing business in Clark County,

17         admits that it provided $15,356.29 in benefits to FIDELIA ORTIZ-DEMORAN ("Ortiz")

18         but denies that it is an insurer organized under the laws of the State of Nevada.

19     3.  Answering paragraph 4, UHH admits that Defendant Ortiz was represented by Plaintiff in

20         connection with injuries Ortiz suffered in an automobile accident on or about October 2,

21         2013 (the "Accident").

22     4.  Answering all other assertions of fact and all paragraphs of the Complaint in Interpleader

23         not specifically identified above, UHH asserts that as to the allegations found in each

24         such paragraph, it is presently without sufficient knowledge or information to form a

25         belief as to the truth of the allegations contained therein, and thereupon generally denies

26         the same.

27

28

                                          -2-

**AFFIRMATIVE DEFENSES**

1.  Pursuant to the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 *et seq.*] ("ERISA"), the Declaration of Trust under which UHH exists, UHH's ERISA Plan Document, its Summary Plan Description, and the written Repayment Agreement executed by Plaintiff and by Defendant Ortiz on or about April 28, 2014, UHH possesses a first priority lien on the gross proceeds (any and all monies) received by Ortiz any representative(s), including the Plaintiff, relating to any injury or illness suffered by Ortiz in the Accident. A true and correct copy the Repayment Agreement is attached as Exhibit "A" to this Answer.

2.  The written Repayment Agreement executed by Ortiz and by the Plaintiff is an irrevocable written assignment in favor of UHH of a sum equal to the amount of UHH's lien claim, and said assignment must be paid out of any monetary recovery relating to the injuries suffered on or October 2, 2013 that was obtained by Ortiz or any representative.

3.  UHH is not a Nevada business entity.  UHH is a federally-regulated Taft-Hartley multi-employer employee benefit trust fund. UHH is not an insurer. UHH may not be regulated as an insurer, and is not subject to treatment or regulation as insurer under either state or federal law.

4.  UHH's reimbursement and subrogation rights arise under and are consistent with federal law (ERISA). Under 29 U.S.C. § 1144, ERISA preempts all state laws, including statutes, regulations and case law affecting insurers, and such laws cannot be applied to UHH nor diminish the rights recognized in UHH's governing documents.

5.  It has been necessary for UHH to retain the services of its attorneys to respond to the Complaint in Interpleader and to assert its claim to the monies to be interpleaded.  UHH is therefore entitled to recover its reasonable attorney's fees and costs incurred.

6.  Plaintiff and its client, Defendant Ortiz, have to date refused to acknowledge UHH's first priority lien, and they should not be allowed an award of any attorney's fees or costs from the monies to be interpleaded.

7.  To the extent that the proceeds to be interpleaded prove insufficient to fully reimburse UHH, its claim for reimbursement shall survive this Action and UHH shall remain entitled to recover all unpaid lien amounts owed to UHH from any other monies received by the Participants or their representative(s) relating to injuries suffered in the October 2, 2013 accident described in the Amended Complaint in Interpleader and in the Repayment Agreement executed by Plaintiff and Ortiz in April 2014.

8.  UHH reserves the right to assert such additional affirmative defenses as may, upon discovery, later be deemed appropriate and applicable.

WHEREFORE, UHH prays this Court that Plaintiff take nothing by virtue of the Complaint; that the first $15,356.29 recovered by Plaintiff and/or Ortiz in connection with injuries suffered by Ortiz on October 2, 2013 be deposited with the Court; that said sums be disbursed by the Court to UHH, and that UHH be awarded a sum as and for its reasonable attorney's fees and costs incurred.

## COUNTERCLAIMS AND CROSS-CLAIMS

COMES NOW the Counterclaimant/Crossclaimant, UNITE HERE HEALTH ("UHH" or "Trust"), by and through its attorneys, Christensen James & Martin, and for its Counterclaims and Crossclaims hereby alleges as follows:

### JURISDICTION

1.  This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") § 502(a)(3) [29 U.S.C. § 1132(a)(3)] to enforce the terms of the Trust's ERISA Plan, and for equitable relief.

2.  The district courts of the United States have exclusive jurisdiction of UHH's action to enforce the terms of its Plan Document pursuant to ERISA § 502(e)(1) [29 U.S.C. § 1132(e)(1)].

### PARTIES

3.  UHH is a multiemployer Taft-Hartley employee benefit trust fund and it uses its own assets to pay benefits and is therefore a self-funded "welfare plan" under ERISA §§ 3(1)

and 3(37) [29 U.S.C. §§ 1002(1) and 1002(37)], and an "employee benefit trust fund" under the Labor Management Relations Act § 302(c)(5) [29 U.S.C. § 186(c)(5)]. UHH brings this action in such capacity as a trust entity pursuant to ERISA § 502(d)(1) and §§ 502(e)(1) and (2) [29 U.S.C. §§ 1132(d)(1) and 1132(e)(1)].

4. The Trust Agreement under which UHH exists authorizes its Board of Trustees to engage in litigation on UHH's behalf. To the extent the Court determines that a particular fiduciary must be designated by UHH in connection with this action, its fiduciary Matthew Walker is so designated, and he brings this action pursuant to ERISA §§ 3(21)(A) and 502(a)(3) [29 U.S.C. §§ 1002(21)(A) and 1132(a)(3)].

5. Defendant/Cross-Defendant FIDELIA ORTIZ-DEMORAN ("Ortiz") engaged Plaintiff/Counter-Defendant ERIC PALACIOS & ASSOCIATES ("Plaintiff"), a law firm whose owner(s) is a licensed attorney in the state of Nevada, with a principal place of business located in Las Vegas, Nevada. Plaintiff (and any attorney practicing law through the Plaintiff) has recovered and now holds certain monies received from third-parties in connection with tort claims asserted by Ortiz ("Settlement Proceeds"). Plaintiff has sought to interplead these same monies in this case.

6. Cross-Defendant UNIVERSITY MEDICAL CENTER ("UMC") is a hospital located in Las Vegas, Nevada, that treated Ortiz for injuries suffered on or about October 2, 2013. UMC has disclaimed any interest in the interpleader proceeds by filing a formal Disclaimer of Interest in the State Court on April 29, 2015.

7. Cross-Defendant LAS VEGAS FIRE & RESCUE is an ambulance service that transported Ortiz after the Accident in which Ortiz suffered injuries on October 2, 2013. LAS VEGAS FIRE & RESCUE claims a right to receive $978.38 of the sums to be interpleaded with the Court.

8. Cross-Defendants DESERT RADIOLOGY SOLUTIONS, LLC and AGATE/VENGER PARTNERSHIP, LLP are medical service providers who also treated Ortiz for injuries

suffered on October 2, 2013, and each claims a right to be paid out of the sums to be interpleaded.

9.  UHH possesses an enforceable first-priority right of payment such that UHH's claim to the Settlement Proceeds is superior to the claim of any other person.

### VENUE

10. Plaintiff, UHH and all cross-defendants may be found in Las Vegas, Nevada, and UHH's Las Vegas health and welfare benefits plan ("Plan") is administered in Las Vegas, Nevada. Therefore, venue is proper in this judicial district pursuant to ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)].

### FACTS COMMON TO ALL COUNTERCLAIMS AND CROSS-CLAIMS

11. At all times relevant herein, Ortiz sought and obtained the payment of medical benefits under the terms of the UHH's ERISA benefit plan.

12. In October 2013 Ortiz was injured in an accident.

13. Ortiz ("Participant") retained Plaintiff to represent her in a tort claim through which Participant sought to recover money from one or more third-parties, including any uninsured or underinsured motorist carrier with whom the Participant chose to do business.

14. In April 2014 both the Plaintiff and the Participant executed a copy of UHH's Repayment Agreement, which restates the terms of the UHH's governing Plan Document ("Plan Document") and its Summary Plan Description. By executing the Repayment Agreement, Participant acknowledged and agreed that she and her representatives would cooperate with UHH's first priority right to be repaid for monies it spent to pay medical expenses incurred by Participant, and Participant assigned to UHH all rights to any settlement monies obtained by Participant or her representatives (including the Plaintiff), to the extent of accident benefits paid by UHH.

15. UHH's Plan Document identifies a particular fund of money distinct from the Participant's general assets (specifically, the monies recovered by the Participant from

any third-party, which UHH asserts presently remain in the trust account of Plaintiff) and that document further states that UHH is entitled to a particular share of monies to be interpleaded (the amount paid by UHH on behalf of the Participant, or $15,356.29). The Plan Document (like the Repayment Agreement) rejects application of all equitable defenses, including the make-whole doctrine and the common-fund doctrine. The Plan Document further grants UHH an equitable lien on the monies to be interpleaded, which monies already belong in good conscience to UHH.

16. In connection with the injuries suffered by the Participant, UHH advanced payment to medical service providers on Participants' behalf in the total amount of $15,356.29.

17. Participant settled her claims relating to the October 2, 2013 automobile accident and received money from one or more third-parties, and some or all of the settlement funds remain in the special client trust account of Plaintiff.

18. Despite the terms of the Plan Document and the Repayment Agreement that they executed, the Participant and Plaintiff have failed to re-pay any sum to UHH.

**COUNTERCLAIM AND CROSS-CLAIM COUNT I**

[AGAINST ALL PARTIES - JUDICIAL DECLARATION OF RIGHTS AND
ENFORCEMENT OF RIGHTS GRANTED BY THE ERISA PLAN - 29 U.S.C. § 1132(a)(3)]

19. UHH here restates and realleges the allegations contained in Paragraphs 1 through 18 of its Counterclaims and Cross-Claims.

20. UHH seeks the Court's declaration and finding that UHH's first-priority right of payment is superior to all other claims asserted by all other parties to this case. Pursuant to 29 U.S.C. § 1132(a)(3), UHH is entitled to equitable relief, including reimbursement or restitution, as a means of enforcing the provisions of ERISA and the terms of UHH's Plan Document.

21. By refusing to acknowledge UHH's reimbursement rights and its first priority liens, by refusing to use the amounts that the Participants recovered to reimburse UHH for the

sums it advanced, the Participants and the Plaintiff have violated the terms of the Plan Document.

22. Because these acts and/or practices violate the Plan Document's terms, the Court should enter an order in restitution or reimbursement enforcing the terms of the Plan Document by requiring Participant and Plaintiff to repay the sum of $15,356.29 to UHH using the Settlement Proceeds.

## COUNTERCLAIM AND CROSS-CLAIM COUNT II

### [AGAINST ALL PARTIES - CONSTRUCTIVE TRUST / EQUITABLE LIEN]

23. The Trust here restates and realleges the allegations contained in Paragraphs 1 through 22 of its Counterclaims and Cross-Claims.

24. UHH seeks the Court's declaration and finding that under UHH's Repayment Agreement, which the Participant and the Plaintiff executed, the Participant and her representatives (including the Plaintiff) hold in trust for the benefit of UHH, the proceeds of any settlement they received relating to the injuries that UHH paid to have treated.

25. Under the circumstances alleged herein, the Court must recognize a constructive trust and/or an equitable lien on the first $15,356.29 recovered by the Participant from third-parties, and the Court should specifically require Participant and Plaintiff (and its employee attorneys) to safeguard and to pay to the Trust such sums as they may have improperly retained, deposited into their own bank accounts, or failed to pay to the Trust, as alleged herein.

## COUNTERCLAIM AND CROSS-CLAIM COUNT III

### [PARTICIPANT AND PLAINTIFF ONLY - BREACH OF CONTRACT - 29 U.S.C. § 1132]

26. The Trust (UHH) here restates and realleges the allegations contained in Paragraphs 1 through 25 of its Counterclaims and Cross-Claims.

27. Under UHH's Repayment Agreement, which both the Participant and the Plaintiff executed, Participant and her representatives (including the Plaintiff) hold in trust for the

benefit of UHH the proceeds of any settlement they received relating to the injuries that UHH paid to have treated.

28. UHH alleges that in willful disregard of the rights of the UHH, Participant and Plaintiff knowingly and willfully refused to honor the terms of the Repayment Agreement, which is a valid and binding contract that UHH is empowered to enforce.

29. The failure of Participant and Plaintiff to honor the terms of the Repayment Agreement has caused the Trust to sustain harm. Participant and Plaintiff should be ordered to pay $15,356.29 to the Trust out of the monies that Plaintiffs and Participant have sought to interplead. Such payment to UHH must be made before payment of any portion of the other claims asserted by any other party.

**COUNTERCLAIM AND CROSS-CLAIM COUNT IV**

[PARTICIPANT AND PLAINTIFF ONLY - BREACH OF FIDUCIARY DUTY - 29 U.S.C. §§ 1002, 1104, 1109, 1132]

30. UHH here restates and realleges the allegations contained in Paragraphs 1 through 29 of its Counterclaims and Cross-Claims.

31. Participant and Plaintiff were and are fiduciaries of the Trust because under the terms of the Trust's Plan Document and under the terms of the Repayment Agreement, they hold monies for the benefit of the Trust.

32. UHH's governing documents identify all monies owed to UHH as assets that belong to UHH. Participants and Plaintiff were and are fiduciaries of the Trust because they have exercised dominion and/or control over monies that constitute assets of the Trust.

33. Participant and Plaintiff breached their fiduciary duty to protect the monies that they held for the benefit of UHH when they withheld said monies for themselves or paid others in order to benefit themselves, thereby failing to deliver to UHH monies that they held for UHH.

34. Participant and Plaintiff caused UHH to sustain damages as a result of their actions which breached fiduciary duties owed to the Trust, and they should be ordered to pay $15,356.29 to the Trust out of the monies that they have sought to interplead.

### COUNTERCLAIM COUNT V

[AGAINST PLAINTIFF ONLY - BREACH OF LAWYERS' DUTY TO DELIVER FUNDS]

35. UHH here restates and realleges the allegations contained in Paragraphs 1 through 32 of its Counterclaims.

36. As a licensed attorney or as a business entity that acts primarily through its attorney employees, Plaintiff and its attorney employees, were and are required to promptly deliver to the Trust $15,356.29 out of the settlement proceeds that Plaintiff received as Participant's attorney. Applicable laws requiring Plaintiff to deliver to the Plaintiff Trust Fund the sum of $15,356.29 include SCR Rule 1.15(d) of the Nevada Rules of Professional Conduct (formerly SCR 165) ("a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive") and *Achrem v. Expressway*, 112 Nev. 737, 917 P.2d 447 (1996) ("when a client assigns rights to the proceeds of a tort action to a creditor, those proceeds no longer belong to the client").

37. Plaintiff and its attorney employees failed to meet their obligations under such rules and laws, which were designed and adopted to protect persons like UHH from the type of harm that UHH has suffered in this circumstance.

38. Plaintiff is liable to UHH in the sum of $15,356.29 for failure to meet said obligations.

### COUNTERCLAIM AND CROSS-CLAIM DEMAND FOR ATTORNEYS' FEES

39. UHH here restates and realleges the allegations contained in Paragraphs 1 through 36 of its Counterclaims and Cross-Claims.

40. It has been necessary for the crossclaiming and counterclaiming Trust (UHH) to engage the law firm of Christensen James & Martin to collect any and all amounts due to the Trust, as alleged herein. Pursuant to the Trust Agreement and 29 U.S.C. § 1132(g), the

Court is authorized to award the Trust its reasonable attorney's fees, court costs and other costs.

**PRAYER FOR RELIEF**

WHEREFORE, consistent with the causes of actions stated above, UHH prays for judgment against the Counterdefendants and the Cross-Defendants, and each of them, as follows:

1. for the Court's Judgment enforcing the terms of the Plan Document in favor of UHH and against the Counterdefendant and all Cross-Defendants by all available equitable means;

2. for damages for breach of contract in an amount to be proved at trial;

3. for damages for breach of fiduciary duty in an amount to be proved at trial;

4. for damages for breach of the duty of a lawyer to deliver funds to a third-party entitled to receive them;

5. for interest accrued on the amounts due, from their original due dates;

6. for the Trust's reasonable attorney's fees incurred;

7. for the Trust's costs of suit incurred herein;

8. for the Court's Order or Judgment imposing a Constructive Trust or an Equitable Lien on the monies identified herein, for the exclusive benefit of UHH;

9. for such additional relief as may be provided for by 29 U.S.C. § 1332(g) or other applicable laws and statutes; and

10. for such other and additional relief as the Court may deem just and proper.

Dated this 18th day of May, 2015.

CHRISTENSEN JAMES & MARTIN

By: ___/s/ Daryl E. Martin___
Daryl E. Martin, Esq.
Nevada Bar No. 6735
*Attorneys for UNITE HERE HEALTH*

-11-

**CERTIFICATE OF SERVICE**

I am an employee of Christensen James & Martin.  On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒    ELECTRONIC SERVICE:    Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court.

☐    UNITED STATES MAIL:    By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the following parties at their last-known mailing addresses:

☐    OVERNIGHT COURIER:    By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐    FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN

By:   /s/ Daryl E. Martin
Daryl E. Martin

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

# Exhibit A



**Culinary Health Fund™**

1901 Las Vegas Blvd. So.
Suite 107
Las Vegas, Nevada 89104-1309
(702) 733-9938
www.culinaryhealthfund.org

## REPAYMENT AGREEMENT

This Repayment Agreement is effective this **3** day of **June**, 200**14** between you and the Hotel Employees and Restaurant Employees International Union Welfare Fund ("Culinary Health Fund" or the "Plan"). When you sign this document, or a representative signs on your behalf, it becomes a legally binding agreement between you and the Plan.

You and/or your dependent have been injured in an accident or event on **10-2-14** [date] at **6:55PM** [time] in **Las Vegas, NV** (the "Accident"). You may have filed a lawsuit or made a claim in connection with the Accident, and you may be entitled to compensation from an insurance company or other third party for those injuries. The Plan will agree to pay you or your dependent's medical, hospital, dental, vision care and other covered expenses resulting from that Accident (referred to as "Benefits"). By accepting Benefits from the Plan, you agree to repay the Plan the full amount of those Benefits on a first priority basis from the amount of any compensation you receive. This Agreement is designed to help the Plan enforce its right to be repaid by you.

In consideration of Benefits paid (or to be paid) by the Plan in connection with the Accident, you and/or your dependent also agree as follows:

1.   The Plan will have a first lien and subrogation rights, as described in the Plan and this Agreement, on the amount recovered from another person (including an insurance company) because of the Accident (the "Lien"). The Lien will apply whether you get a recovery from a judgment, settlement, or otherwise (the "Recovery"). The Lien amount shall equal the Benefits the Plan pays in connection with the Accident, or, if less, the total amount of the Recovery. The Plan may notify people of this Lien and file it with them as needed to protect its rights.

2.   You agree to repay (irrevocably assign) to the Plan the Recovery amount equal to the amount of the Lien, and agree to waive all rights opposing the Plan's right to be repaid. You will not take any action that could interfere with the Plan's right to enforce the Lien. You will not be entitled to keep any portion of the Recovery until the Plan's Lien is paid in full, and you will not claim any right to deduction, setoff, or any other right to withhold any portion of the amount of the Lien.

3.   You will cooperate fully with the Plan and do whatever is necessary to carry out the Plan's right to be reimbursed under the Agreement, including providing requested information and documents, signing and delivering any assignments or other documents, notifying the Plan immediately upon beginning any claim or lawsuit or settlement negotiations, or agreeing to any settlement.

4.   The Plan shall have the right to intervene in any suit filed which includes any claim for recovery related to the Accident, and you waive any and all rights to object to such intervention. The Plan shall also have the right to file suit against any third party in your name to recover the full amount of the Lien if you choose not to do so, plus its expenses, costs, and attorney fees.

5.   In the event the Recovery is paid to your attorney or other representative, they shall be required to pay to the Plan the total amount of the Lien prior to disbursement of the Recovery to you or any other person or entity. Your attorney agrees to this by signing below.

6.   Any failure to comply with the requirements of this Agreement or the Plan or its Rules and Regulations may be grounds for denying any benefits payable under the Plan whether or not those benefits relate to the Accident (including the off-set of future benefit claims by you or your dependents).

7.   This Repayment Agreement constitutes the entire agreement between the parties, and may not be amended or modified except by a writing signed by each of the parties.

You and/or your representative(s) have read and understand this Agreement,
and have had an opportunity to discuss this Agreement and its terms with a lawyer or advisor.

## EXECUTION SECTIONS

**Section I: The Participant (Eligible Employee) MUST complete the following Execution Section:**

-----------------------------------------------------------------------------------------------------------------

| Participant's Information (Eligible Employee) | Information for Participant's Attorney (Complete if Participant was in the accident) |
|---|---|

*Isaul Moran-Perea*
Print Participant's Name

Print Attorney's Name
☒ Check here if there is not an attorney

Attorney's Phone Number

Attorney's Address

(X) _____ *Isaul moran* _____
Participant's Signature                              Date

Attorney's Signature                              Date

_____
Representative                              Date
(if Participant is legally incapacitated)

_____
Print Name of Witness to Participant's
or Representative's Signature

_____
Witness' Signature                              Date

**Section II: Complete the following Execution Section ONLY if the Eligible Dependent of a Participant (Eligible Employee) is receiving Benefits from the Plan in connection with the Accident:**

-----------------------------------------------------------------------------------------------------------------

| Eligible Dependent's Information | Information for Eligible Dependent's Attorney |
|---|---|

*Fidelia Ortiz-Demoran*
Print Eligible Dependent's Name

*Eric Palacios & Associates*
Print Attorney's Name
☐ Check here if there is not an attorney

*702-444-7777*
Attorney's Phone Number

*2100 S. Eastern Ave.*
*Las Vegas, NV 89104*
Attorney's Address

(X) *Fidelia.Ortiz.de Moran*
Eligible Dependent's Signature                Date

*Patrick One*        *4/28/14*
Attorney's Signature                              Date

_____
Representative                              Date
(if Eligible Dependent is legally incapacitated)

_____
Print Name of Witness to Eligible Dependent's
or Representative's Signature

_____
Witness' Signature                              Date

RECEIVED
APR 30 2014